IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Noel Davis <br> 35 Shawmont Lane <br> Willingboro, NJ 08046 <br><br> And <br><br> Dhameer White <br> 26 Tylers Court <br> Somersdale, NJ 08083 <br><br>                  Plaintiffs, <br><br>                  v. <br><br> Michael Perez, individually and <br> in his official capacity as officer for the <br> Voorhees Police Department <br> 1180 White Horse Rd <br> Voorhees, NJ 08043 <br><br> And <br><br> Voorhees Township, <br> d/b/a Voorhees Police Department <br> 1180 White Horse Rd <br> Voorhees, NJ 08043 <br><br>                  Defendants. | CIVIL ACTION NO: |

## CIVIL ACTION COMPLAINT

**I.      Jurisdiction and Venue**

1)      Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2)      Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does

business here, and/or the property which is the subject of this action is situated within this district.

## II.   Parties

3) Plaintiff, Noel Davis is an adult individual residing at the above captioned address.

4) Plaintiff, Dhameer White is an adult individual residing at the above captioned address.

5) Defendant, Voorhees Township, is a municipality doing business as Defendant Voorhees Police Department at the above-captioned address.

6) Defendant, Michael Perez, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman and/or employee of the Voorhees Police Department, as well as in his individual capacity as Police Officer acting under color of State law.

7) Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiffs hereunder.

## III.   Operative Facts

8) On or about September 18, 2014, Plaintiff, Noel Davis was visiting her boyfriend, Plaintiff, Dhameer White at address 4904 Gina Court in Voorhees, New Jersey (his former address).

9) Davis arrived at White's apartment around 3:30 p.m. Davis was dirty from work and needed to take a shower.

10) Approximately one week prior to the events of September 18, 2014, Davis had undergone reconstructive breast surgery for treatment of ectodermal dysplasia. Davis had taken time off of work for the surgery. Davis' stitches and bandaging were plainly visible while she was undressed.

11) Around 4:00 p.m., while Davis was still in the shower, Davis heard a loud knock on the door to White's apartment. White did not answer. Davis wrapped herself in a towel and got out of the shower to see who was at the door.

12) Davis opened the door from White's bathroom to the main living room, and observed White approaching the front door with his cell phone in hand and recording. A Voorhees police officer then kicked the front door in, and multiple officers entered the apartment with assault rifles drawn and pointed at White.

13) Defendant Officer, John Doe ordered White to "get on the floor." Davis observed that White immediately complied. Defendant Officer, John Doe then ordered a canine unit to attack White. Davis witnessed the canine maul White, and observed White bleeding and crying.

14) Terrified, Davis ran back into the bathroom and closed the door behind her.

15) Three (3) male officers, Defendant, Michael Perez and Defendants, John Does, entered the bathroom with their assault rifles drawn and pointed them at Davis. Davis put both her hands up.

16) Davis asked Defendant officers what was happening. Defendants said: "This is a raid. We have to detain you." Perez then approached Davis, hyper-extended her hands behind her back, and placed her in handcuffs.

17) Davis told Perez she had just had surgery, that the handcuffs were hurting her, and requested that Defendants loosen them. Davis' bandages and stitches were visible to the Defendants.

18) Defendant, John Doe said "No! Shut the fuck up!" and marched Davis out of the bathroom.

19) Davis entered the living room in handcuffs and again observed White on the floor, bleeding and crying. Davis asked him if he was okay and prayed for him. Defendants, John Does again told Davis "I said shut the fuck up!" and made her leave the apartment, still wearing only a towel.

20) Davis asked if she could dress herself. Defendant, John Doe said "a towel is fine."

21) Davis was made to stand outside White's apartment in handcuffs and wearing only a towel for approximately one hour in broad daylight, while police searched the apartment. Davis was publicly humiliated because her towel was slipping and her detainment was visible to White's neighbors. Davis was also in severe pain from being handcuffed. While Davis was being detained, Defendants explained that they were conducting a drug raid.

22) After searching White's apartment, Defendants removed Davis' handcuffs and informed her that the raid was over. Davis asked the Defendants if they found anything. Defendants said "No; but we're taking this," then attempted to confiscate Davis' iPad, prescription medication, and cell phone.

23) Davis told Defendants they had no reason to take these items and that she would sue them if they confiscated her property. Defendants laughed and said "…that will never hold up," but made no further attempts to confiscate Davis' property.

24) Before leaving the apartment, Defendants took White's cell phone and deleted the video White had taken of the raid.

25) Davis was still in pain after being released from handcuffs. Immediately after the raid, Davis noticed that her stitches had loosened and were starting to bleed.

26) Within two weeks of the raid, silicon began dripping around the loosened stitches and Davis' pain worsened. Davis went to her doctor, who informed her that her stitches had unraveled because of "excessive stretching" and that he would need to redo her surgery.

27) Davis underwent a second surgery on or around March 2015. As a result of same, Davis missed an additional three (3) weeks of work.

28) Davis was terminated by her employer around August 2015. Davis was told the reason for her termination was that she was "not reliable," because she had been employed less than a year and had already needed two major surgeries.

29) As a result of Defendants' conduct Plaintiffs have suffered severe physical injury, pecuniary harms, fear, humiliation, and emotional distress.

30) The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiffs' rights. Specifically, Defendants illegally search, seize, arrest and imprison without probable cause, use excessive force and then attempted to conceal their use of force by illegal confiscation of personal property.

## COUNT I
### Excessive Force/Assault and Battery

31) Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

32) At the time of Defendants' conduct, Plaintiffs had not committed any infraction to legally justify the force used by Defendants.

33) At the time of Defendants' conduct, Defendants had no reasonable grounds to believe that use of force against the Plaintiffs was necessary to effect a search.

34) Defendants' actions stated above, *inter alia*, were committed under color of state law and were violations of Plaintiffs' clearly establish and well-settled Constitutional and other legal rights.

35) Defendants caused Plaintiffs to suffer excessive force, and assault and battery, by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., the New Jersey Civil Rights Act ("CRA"), and common law.

## COUNT II
### False Arrest

36) Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

37) Defendants lacked probable cause to arrest Plaintiffs.

38) Plaintiffs had not committed any infraction or otherwise to legally justify his arrest by Defendants.

39) Defendants intentionally arrested Plaintiffs for a purpose other than bringing Plaintiffs to justice.

40) Defendants caused Plaintiffs to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

## COUNT III
### False Imprisonment

41) Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

42) Defendants lacked probable cause to arrest Plaintiffs.

43) Plaintiffs had not committed any infraction or otherwise to legally justify his arrest by Defendants.

44) Defendants caused Plaintiffs to suffer false imprisonment by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

## COUNT IV
### First Amendment Violation

45) Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

46) Plaintiffs engaged in a protected activity; the government responded with retaliation; and the protected activity was the cause of the retaliation.

47) Defendants caused Plaintiffs to suffer retaliation by their wrongful conduct all in violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT V
## N.J.S.A. 10:6-2 – New Jersey Civil Rights Act

48).    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

49)    Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well settled rights under the New Jersey Civil Rights Act.  N.J.S.A. 10:6-2.

50)    Plaintiff suffered harm due to Defendants' conduct.

## COUNT VI
## Wrongful Search and Seizure

51)    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

52)     At the time of Defendants' conduct, Plaintiffs had not committed any infraction or otherwise to legally justify the search and seizure used by Defendants.

53)     Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiffs' clearly establish and well settled Constitutional and other legal rights.

54)    Defendants caused Plaintiffs to suffer a violation by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as State law.

## COUNT VII
## *Monell*

55)    Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

56) Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of Voorhees Township, which caused violations of Plaintiffs' constitutional and other rights.

57) Specifically, Defendants illegally search, seize, arrest and imprison without probable cause, use excessive force and then attempted to conceal their use of force by illegal confiscation of personal property.

58) The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, and were the cause of the violations of Plaintiffs' rights as set forth herein.

59) Plaintiffs suffered harm due to Defendants' misconduct.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Statutory Damages

    b. Compensatory Damages, including:

        i. Actual damages for financial and physical injuries, including but not limited to attorneys' fees related to the criminal defense, and emotional distress;

        ii. Attorneys fees and expenses, and costs of suit.

    c. Injunctive relief, including:

        i.       Monitoring and training.

                                        **WEISBERG LAW**

                                        /s/ Matthew B. Weisberg  
                                        Matthew B. Weisberg, Esq.  
                                        David A. Berlin, Esq.  
                                        Attorneys for Plaintiffs

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NOEL DAVIS, et al.

**(b)** County of Residence of First Listed Plaintiff: Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew B. Weisberg, Esquire
Weisberg Law, 7 South Morton Avenue, Morton, PA 19070
mweisberg@weisberglawoffices.com   (610) 690-0801

## DEFENDANTS
MICHAEL PEREZ, individually and in his Official Capacity as officer for the Voorhees Police Department, et al.

County of Residence of First Listed Defendant: Camden County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983, ET SEQ.

Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Will supply

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/17/16
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE