[Doc. No. 27]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NOEL DAVIS, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>OFFICER MICHAEL PEREZ, et al.,<br><br>                Defendants. | Civil No. 16-2784 (NLH/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiffs' Motion to Amend Complaint [Doc. No. 27]. The Court received defendants' opposition [Doc. Nos. 29, 31], plaintiffs' reply [Doc. No. 32], the parties' supplemental submissions served at the Court's request [Doc. Nos. 40, 42], and recently held oral argument. Plaintiffs' motion seeks to add six (6) new defendants. For the reasons to be discussed, plaintiffs' motion is DENIED.

Background

Plaintiffs' complaint was filed on May 17, 2016. The complaint alleges that on September 18, 2014, plaintiff Noel Davis was visiting her boyfriend, plaintiff Dhameer White, at his address in Voorhees, New Jersey, when Voorhees Township ("Voorhees") police officers burst in and raided the residence. Plaintiffs allege before the police left they took White's cell

1

phone and deleted the video White took of the raid. Plaintiffs allege they suffered physical injury, pecuniary harm, fear, humiliation and emotional distress from defendants' raid. The complaint named as defendants Police Officer Michael Perez, Voorhees Township, d/b/a Voorhees Police Department, and John Does 1-10. Plaintiffs assert claims for excessive force/assault and battery, false arrest, false imprisonment, first amendment violations, violation of the New Jersey Civil Rights Act (N.J.S.A. 10:6-2), wrongful search and seizure, and Monell. Plaintiffs' proposed amended complaint originally sought to join seven (7) police officers allegedly involved in plaintiffs' raid—Lance Klein (Detective), Anthony Russo (Investigator), Vincent Saputo, Ryan Brennan, Nicholas Gruber, Chuck Fowler (Sergeant) and David Scott (Detective). Plaintiffs have since withdrawn their request to join David Scott. [Doc. No. 40].

By way of further background, after the complaint was filed on May 17, 2016, the Rule 16 Scheduling Conference was held on August 31, 2016. Thereafter, November 1, 2016 was the date set to amend pleadings. [Doc. No. 18]. The original fact discovery deadline was March 31, 2017. Id. This deadline was later extended to May 31, 2017 [Doc. No. 26]. In order to assure that discovery was completed on time, and because the parties delayed taking relevant depositions, the Court Ordered the parties to agree on dates to take the remaining fact depositions in the

2

case. The deposition dates were set in an Order entered on March 28, 2017. [Doc. No. 25]. The present motion was filed on April 10, 2017. [Doc. No. 27]. All discovery in the case is complete. The Court stayed the filing of summary judgment motions pending the decision on this motion.

Defendants argue plaintiffs' motion should be denied because it is late, unduly delayed, and there is no good cause to extend the deadline to amend pleadings. Defendants also argue they will be prejudiced by plaintiffs' amendment. In addition, defendants argue plaintiffs' amendment is futile because the claims against the new parties are barred by the statute of limitations. Not unexpectedly, plaintiffs disagree. Plaintiffs argue good cause exists to grant their amendment because at all relevant times they acted diligently and in good faith, and defendants and the new parties will not be prejudiced by the proposed joinder. Plaintiffs also argue their claims are not barred by the statute of limitations because they relate back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c)(1)(C)(ii) and N.J.R. 4:9-3.

<u>Discussion</u>

Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

3

cure deficiencies in previous amendments, undue prejudice or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004)(emphasis in original) (quoting Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)). An amendment sought pursuant to Rule 15(a) shall be permitted unless it would be inequitable or futile. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).[1]

Further, since plaintiffs' motion was filed after the Court's November 1, 2016 deadline to amend pleadings expired, plaintiffs must satisfy the standard set forth in Fed. R. Civ. P. 6(b)(1)(B). This rule provides that when an act may or must be done in a specified time the Court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of "excusable neglect."

1. <u>Good Cause, Undue Delay, Excusable Neglect and Prejudice</u>

---

[1] Defendants do not argue plaintiff acted in bad faith or repeatedly failed to cure deficiencies in previous amendments.

For the following reasons, the Court finds that plaintiffs have not established good cause to excuse their late filing and to extend the current scheduling deadlines. The Court also finds plaintiffs' motion was unduly delayed and plaintiffs cannot establish excusable neglect for their tardiness. Frankly, plaintiffs have not explained why they waited so long to file their joinder motion.

Although the incident in question occurred on September 18, 2014, plaintiffs did not seek to join the new defendants until they filed their motion on April 10, 2017. This was almost one year after the complaint was filed (May 17, 2016) and six months after the deadline to amend pleadings (November 1, 2016) expired. Further, the motion was filed after the expiration of the original fact discovery deadline of March 31, 2017. Plaintiffs' delay is not excusable. Plaintiffs could have easily identified the police officers at issue before the complaint was filed by obtaining copies of the relevant police report(s). Further, Voorhees' September 14, 2017 Rule 26 disclosures named Voorhees, Brennan and the existence of arrest reports, police narratives and use of force reports. See Defendants' June 20, 2017 Letter Brief ("LB") at 2, Doc. No. 42. In addition, Voorhees' November 15, 2016 answers to interrogatories disclosed the identities of officers plaintiffs now want to join and stated they were involved with plaintiff's incident—Gruber,

Saputo, Russo, Brennan and Klein. See id. at Exhibit B. Thus, plaintiffs knew or should have known the identities of all the police officers involved in their incident long before the deadline to amend pleadings expired, and even before the complaint was filed.

To establish good cause the moving party must demonstrate that it could not reasonably meet the court's deadline despite its diligence. Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986). The determination of good cause depends upon the diligence of the moving party. Spring Creek Holding Co. v. Keith, C.A. 02-376 (JLL), 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006). The moving party has the burden of demonstrating that despite its diligence it could not reasonably have met the deadlines in the Court's Scheduling Order. Id. (citing Hutchins v. United Parcel Service, Inc., C.A. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005)).

The Court finds that plaintiffs have not established good cause to extend the deadline to amend pleadings. This is true because plaintiffs could have easily moved to timely join the proposed new defendants. After all, their names were listed in documents publicly available before the complaint was filed. Indeed, plaintiffs acknowledge this fact: "[t]hese officers are all identified in police reports as the officers that interacted with Plaintiffs on the date of the subject incident." Memo of

6

Law at 1, Doc. No. 27. Further, the police officers' names were disclosed early in the case. Under these circumstances, plaintiffs cannot show good cause to excuse their late filing and their motion must be denied. Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and severely impair the utility of Scheduling Orders. Koplove, 795 F.2d at 18.

The Court is aware that plaintiffs did not complete the proposed new defendants' depositions until May 18 and 22, 2017. However, plaintiffs could have and should have taken their depositions early in the case. Moreover, plaintiffs did not need the depositions to join the new parties. This is plainly evidenced by the fact that plaintiffs filed the present motion on April 10, 2017, before they completed all the police officer depositions. Thus, it is clear plaintiffs could have timely filed their motion to amend. Rule 16 Scheduling Orders are at the heart of case management. Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986). If these Orders could be disregarded without a specific showing of good cause their utility would be severely impaired. Scopia Mortgage Corp. v. Greentree Mortgage Company, 184 F.R.D. 516, 531 (D.N.J. 1998).

Plaintiffs' motion is also denied because it was unduly delayed and it will result in substantial prejudice to defendants and the new parties. Although Rule 15 motions are

7

liberally granted, they may be denied where there is undue delay or prejudice. Forman v. Davis, 371 U.S. 178, 182 (1962). These two factors go hand in hand. As the Third Circuit noted:

> The passage of time, without more, does not require that a motion to amend a [pleading] be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party…. The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert [their] claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). Here, there has been undue delay on plaintiffs' part which will result in substantial prejudice to defendants and the new parties if plaintiffs' motion is granted. To determine if a party is unduly prejudiced courts examine, inter alia, whether the amendment will result in significant additional discovery, cost, or preparation to defend against new facts or theories. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Kennedy v. City of Newark, C.A. No. 10-cv-1405 (CCC-JAD), 2011 U.S. Dist. LEXIS 73058, at *8 (D.N.J. July 7, 2011).

At the present time fact discovery is over and summary judgment motions will be filed as soon as the present motion is decided. The joinder of the new parties will undoubtedly result in more discovery, delay and increased costs. If joined, the new parties will likely ask to re-open discovery which will extend

the current scheduling deadlines. The new parties are also likely to move to re-depose the plaintiffs on issues particular to them. Further, the new parties may want to retain experts. The case is already 2½ years old. There is no justifiable reason to delay the final resolution of the case any longer.

For the reasons already discussed, the Court also finds that plaintiffs have not demonstrated "excusable neglect" for their failure to file a timely joinder motion. See Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has explained that the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including, "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993). Plaintiffs had numerous opportunities to join the new parties early in the case. Plaintiffs have not presented a valid reason why they waited so long to file their joinder motion. The fact that plaintiffs filed their motion before all depositions were completed plainly shows they knew about the existence of the

proposed defendants early on and could have and should have timely moved to join them as parties.[2]

2. Futility/Relation Back

Plaintiffs' motion is also denied because it is barred by the statute of limitations and is therefore futile. The statute of limitations that applies to plaintiffs' civil rights and tort claims is two years. Walls v. County of Camden, C.A. No. 06-5961 (JEI), 2008 WL 4934052, at *3 (D.N.J. Nov. 13, 2008); N.J.S.A. '2A:14-2. Plaintiffs' original complaint was filed on May 17, 2016, and the incident in question occurred on September 18, 2014. Since the present motion was filed on April 10, 2017, more than two (2) years after plaintiffs' incident occurred, plaintiffs' claims are barred by the statute of limitations unless they relate back to the filing of the original complaint.

Plaintiffs can rely on Fed. R. Civ. P. 15(c)(1)(A) and (C) to relate back their proposed amended complaint. Rule 15(c) provides.

> (c)  Relation Back of Amendments.
>
> (1)  When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;

---

[2] Plaintiffs cannot rely on N.J.R. 4:26-4 to replace their John Does with the proposed new defendants because they did not exercise due diligence to identify the new parties and to seek amendment. Hottenstein v. City of Sea Isle City, C.A. No. 11-740 (JEI), 2012 WL 12898844, at *2 (D.N.J. Aug. 16, 2012).

10

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15 (c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Relying on Rule 15(c)(1)(A), New Jersey's relation back rule comes into play. N.J.R. 4:9-3 states:

> An amendment changing the party against whom a claim is asserted relates back if … [it arises out of the conduct, transaction, or occurrence set forth in the original pleading] … and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

New Jersey's relation back law is almost identical to Fed. R. Civ. P. 15(c)(1)(C). The only material difference between the two rules is the time period under which the party to be added (1) received notice of the action and (2) knew or should have known they would have been named a proper party if not for a

11

mistake or misidentification. Under the applicable federal rule the period is 90 days from the date of service of the complaint; under the New Jersey rule the period is greater—any time within the statute of limitations. Because the analysis under Fed. R. Civ. P. 15(c)(1)(C) and N.J.R. 4:9-3 is almost identical, the Court will consider them together.

Plaintiffs' proposed amendment certainly arises out of the same transaction or occurrence as set forth in their original complaint. Therefore, the Court must address whether, within the respective designated periods, the proposed defendants (1) received notice of plaintiffs' action so that they will not be prejudiced in maintaining a defense on the merits, and (2) they knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. If the proposed defendants did not receive the requisite notice within the required time periods, the Court's analysis is complete and there is no need to decide if the new parties are prejudiced under Rule 15(c)(1)(C)(i) or if the criteria in Rule 15(c)(1)(C)(ii) are met.

As noted, in order for plaintiffs' claims against the proposed defendants to relate back, the proposed defendants must have received notice of plaintiffs' action within 90 days of the filing of the complaint, under Fed. R. Civ. P 15(c)(1)(C), or within the statute of limitations. The notice requirement can be

satisfied through actual notice or imputed notice. Actual notice does not require actual service of process on the party sought to be added, but may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the litigation through some informal means. Curbison v. Lee, C.A. No. 05-5280, 2007 WL 2226016, at * 4 (D.N.J. July 31, 2007)(citation and quotation omitted). Actual notice requires knowledge of the institution of the litigation and not just knowledge of the incident that gave rise to the litigation. Id.

There is no evidence in the record indicating the proposed defendants had actual notice of this lawsuit within the proscribed time periods under either the federal or state rule. The Court, therefore, will consider whether notice can be imputed to the proposed defendants.

Notice may be imputed to a party sought to be added through either the "shared attorney" method or the "identity of interest method." Id. Notice is imputed through the "shared attorney" method when the originally named party and the party who is sought to be added are represented by the same attorney. Id. Under the shared attorney method of imputing notice to new defendants, the test is whether the new defendants are being represented by the same attorney, not whether the new defendants will be represented by the same attorney. Walters v. Muhlenburg

13

Tp. Police Dept., 536 Fed. Appx. 213, 215 (3d Cir. 2013)(citation and quotation omitted); see also Lassoff v. New Jersey, C.A. No. 2006 WL 5509595, at *5 (D.N.J. Jan. 31. 2006)(although the Attorney General defends state employees, the defense is not automatic and requires an employee to request a defense). Accordingly, to impute notice under the shared attorney method, "a plaintiff must show that there was some communication or relationship between the shared attorney and the John Doe defendant prior to the expiration of the [90]-day period in order to avail him or herself of the shared attorney method of imputing notice." Garvin v. City of Philadelphia, 354 F.3d 215, 225 (3rd Cir. 2003) (internal quotation omitted). Here, plaintiff has not presented any evidence of shared representation or communication between counsel for the defendants and the proposed defendants. The Court simply does not know if defendants' present attorney will represent the new parties. Plaintiffs argue it is reasonable to infer that counsel of record for defendants had some communication or relationship with the proposed defendants so that it is reasonable to infer notice of this action was given to them within the 90-day period. Reply Brief at 2, Doc. No. 32. Plaintiffs also argue it can be reasonably inferred defense counsel represents the proposed new parties. Id. The Court declines to make these inferences in the absence of evidence. Therefore, since

plaintiffs' shared attorney argument is of no avail, they must show that the new parties had imputed notice of this lawsuit.

Notice is imputed through the "identity of interest" method when parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice to the other. Id. at 227. While plaintiffs do not develop an argument under the "identity of interest" theory, it is arguable the proposed defendants share an identity of interest with the named defendants because the proposed defendants, like the defendants, are Voorhees police officers. Further, they were all involved with plaintiffs' September 18, 2014 incident. The Court, therefore, must determine whether the proposed defendants are so closely related to their employer (i.e., Voorhees) and the police officer defendants, so that the institution of litigation against Voorhees and Officer Perez serves to provide notice of the litigation to the proposed defendants. Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 197 (3d Cir. 2001).

The Third Circuit has identified a number of factors to consider in making a determination under the "identity of interest" theory. Id. at 198. One factor to consider is whether the party to be added has any supervisory duties enabling the court to conclude that his or her interests as an employee are

15

identical to the employer's interests. Id. at 199 (finding non-management employee does not share sufficient nexus of interests with his or her employer in order for notice given to the employer to be imputed to the employee). A second factor to consider is whether the party to be added continues to have close contact with the plaintiffs, so it would be reasonable to assume that the proposed defendants were notified of or knew of the lawsuit commenced by the plaintiffs. Id. at 198 (citing Ayala Serrano v. Lebron Gonzales, 909 F.2d 8 (1st Cir. 1990)(finding prison guard had imputed knowledge under "identity of interest" method because prison guard was present at attack and continued to work in unit where plaintiff was an inmate)).

Based on the record presented to the Court, the Court finds plaintiffs cannot impute knowledge to the new parties sufficient to satisfy the criteria in Rule 15(c)(1)(C) and N.J.R. 4:9-3. The same issue presented here was decided in a recent Memorandum Opinion authored by the Honorable Michael A. Shipp. See Valez v. Fuentes, C.A. No. 15-6939 (MAS)(LHG), 2017 WL 2838461 D.N.J. June 30, 2017). In Valez, the plaintiff alleged he was assaulted by police officers after a traffic stop. After plaintiff's amended complaint was filed after the statute of limitations ran, a newly joined officer moved to dismiss the amended complaint. Like this case, the Court had to decide whether the amended complaint related back to the original complaint.

Plaintiff argued relation back was proper because the newly joined police officer was aware of plaintiff's incident and should have expected to be joined. The Court disagreed and held relation back did not apply. The Court reasoned that the new police officer did not have actual or imputed knowledge that he would be joined. Specifically, the Court held, "[a]bsent other circumstances that permit an inference that notice was received, municipal police officers do not have an identity of interest with their city employer." Id. at *4. The Court also stated, "absent evidence that indicates otherwise, police officers do not have an identity of interest with fellow police officers that allows imputation of notice." Id.[3]; see also Lassoff, 2006 WL 5509595, at *5 (suit against one detective does not necessarily result in notice to another detective). Based on Valez and Lassoff, the Court finds notice cannot be imputed to the new parties and, therefore, plaintiff cannot meet the criteria of Rule 15(c)(1)(C) and N.J.R. 4:9-3.[4]

---

[3] It is not insignificant that even though plaintiffs took the depositions of the proposed defendants, plaintiffs did not cite any testimony evidencing they had actual or imputed knowledge of plaintiffs' lawsuit.

[4] As noted, since plaintiffs cannot meet the notice requirement, there is no need for the Court to decide if plaintiffs' late motion was a "mistake" or "tactical decision."

Conclusion

For the foregoing reasons, plaintiffs' Motion to Amend Complaint will be denied. Plaintiffs have not established good cause to excuse their late filing and to extend the current scheduling deadlines, plaintiffs' motion was unduly delayed, the motion is prejudicial to defendants and the new parties, and plaintiffs have not demonstrated excusable neglect for their tardiness. In addition, having found that plaintiffs' proposed amendment does not relate back, the amendment is futile because it is barred by the statute of limitations.

**O R D E R**

Accordingly, it is hereby ORDERED this 16th day of August, 2017, that plaintiffs' Motion to Amend Complaint [Doc. No. 27] is DENIED.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge